# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDA CRAWFORD, on behalf of I.M.C., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-CV-0551-DMC<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (Docs. 8 and 10), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' cross-motions for summary judgment (Docs. 15 and 16).

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## I. THE DISABILITY EVALUATION PROCESS

This case concerns a child's application for disability benefits. Child's Supplemental Security Income is paid to disabled persons under the age of eighteen. A child is considered disabled if the child has a medically determinable physical or mental impairment that results in marked and severe functional limitations. See 42 U.S.C. § 1382c(a)(3)(C)(I). The Commissioner employs a three-step sequential evaluation process to determine whether a child is disabled. See 20 C.F.R. § 416.924(a)-(d). The sequential evaluation proceeds as follows:

> Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;
>
> Step 2    If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

///

///

2

| | | |
|---|---|---|
| Step 3 | | If the claimant has one or more severe impairments, determination whether any such severe impairment meets, medically equals, or functionally equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted. |

See id.

Evaluation of a childhood disability claim does not involve determination of the claimant's residual functional capacity or consideration of vocational issues.

## II. THE COMMISSIONER'S FINDINGS

An application for childhood social security benefits was filed on claimant's behalf on May 9, 2013. See CAR 24.[1] In the application, claimant claims disability began on October 1, 2006. See id. Claimant's claim was initially denied. Following denial of reconsideration, claimant requested an administrative hearing, which was held on May 11, 2015, before Administrative Law Judge (ALJ) L. Kalei Fong. At the hearing, the ALJ held the record open through June 5, 2015, to allow the claimant's representative to submit additional evidence. See id. at 71-72 (hearing transcript). In a July 31, 2015, decision, the ALJ concluded claimant is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): attention deficit hyperactivity disorder (ADHD);
2. The claimant does not have an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in the regulations.

See id. at 27-41.

After the Appeals Council declined review on January 11, 2017, this appeal followed.

///

///

///

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on July 26, 2017 (Doc. 13).

3

## III. DISCUSSION

In her motion for summary judgment, plaintiff argues the ALJ failed to develop the record. The ALJ has an independent duty to fully and fairly develop the record and assure the claimant's interests are considered. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). When the claimant is not represented by counsel, this duty requires the ALJ to be especially diligent in seeking all relevant facts. See id. This requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978). Ambiguous evidence or the ALJ's own finding that the record is inadequate triggers this duty. See Tonapetyan, 242 F.3d at 1150. The ALJ may discharge the duty to develop the record by subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow for supplementation of the record. See id. (citing Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998)).

According to plaintiff:

> On May 27, 2015, JoAnne Blount completed an addendum to a psycho-educational evaluation. T 405-11. However, as the transcript reveals, there are missing pages from this evaluation. Looking at the numbers at the top of the page, all of the even numbered pages are missing. *Id.* The ALJ should have recontacted Ms. Blount in order to obtain the missing pages since it is highly likely Ms. Blount's opinion evidence continued onto page 14 of the report. *See* T 411 (Ms. Blount opined that Claimant meets one of the characteristics necessary to meet eligibility as an individual with exceptional needs, but it is unsure which characteristics since the remainder of the report is missing). This is especially important given Ms. Blount's opinion can support the finding that Claimant indeed has marked limitations in one or more categories as argued above. The ALJ should have recontacted Ms. Blount for the missing pages in order to ensure Claimant's interests are considered. *See Bishop v. Colvin*, 2015 WL 1874879 (D. Or. Apr. 13, 2015) (Remand was required where the ALJ failed to review all the pages of a mental evaluation since the report bore directly on the nature and extent of the claimant's limitations, thus making the report significant and probative).

Ms. Blount's report, belatedly submitted by claimant's representative on June 30, 2015, and included in the record as part of Exhibit 24E, is indeed incomplete. See CAR 405-11. Specifically, the even-numbered pages of Ms. Blount's report are not included in the record. See id.

4

The court finds the record is clearly incomplete. It is also clear the ALJ considered the incomplete report. A review of the hearing decision reflects the ALJ cited several portions of the incomplete report in support of significant findings. See CAR 30 (citing page 9 of Exhibit 24E, which is page 7 of the incomplete report), 32 (citing pages 9-11 of Exhibit 24E, which are pages 7, 9, and 11 of the incomplete report). This alone should have triggered the ALJ's duty to fully develop the record by obtaining Ms. Blount's complete report. See Tonapetyan, 242 F.3d at 1150.

Defendant argues remand is not warranted for four reasons. First, defendant contends the "record before the ALJ was neither insufficient nor ambiguous. . . ." Second, citing Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998), defendant asserts the ALJ discharged his duty by leaving the record open following the hearing. Third, defendant argues any claim of error has been waived because claimant's representative did not raise the issue of Ms. Blount's incomplete report to the ALJ or Appeals Council. Finally, noting claimant's representative submitted the incomplete report and citing the "invited error doctrine," defendant asserts claimant may not now complain about errors for which claimant is responsible.

The court rejects defendant's first argument because Ms. Blount's report is clearly incomplete and, as such, this evidence is necessarily ambiguous. As to the remainder of defendant's arguments, which are more technical than substantive, the courts finds prudence favors a remand to allow the ALJ to consider Ms. Blount's complete report. Given the ALJ found Ms. Blount's report significant enough to cite several times, the ALJ would certainly welcome the complete report. The matter will be remanded to allow the ALJ to obtain and consider Ms. Blount's complete report. See e.g. Bishop v. Colvin, 2015 WL 1874879 (D. Or. April 13, 2015) (remanding where the ALJ failed to review all the pages of a mental evaluation since the report bore directly on the nature and extent of the claimant's limitations, thus making the report significant and probative).

///

///

///

## IV. CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 15) is granted;
2. Defendant's motion for summary judgment (Doc. 16) is denied;
3. The Commissioner's final decision is reversed and this matter is remanded for further proceedings consistent with this order; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated: September 26, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the record is incomplete, the court does not reach plaintiff's argument the ALJ failed to properly determine whether claimant's impairments functionally equal a per se disabling impairment outlined in the regulations.