# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDA CRAWFORD, on behalf of I.M.C., a minor child,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:17-CV-0551-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment remanding the matter was entered on April 5, 2018. Pending before the court is plaintiff's motion for an award of $5,830.92 in fees plus $19.86 in costs under the Equal Access to Justice Act (EAJA) (Doc. 22).[1]

/ / /

/ / /

/ / /

---

[1] Plaintiff seeks compensation for attorney time and paralegal time.

1

## I. BACKGROUND

Plaintiff initiated this action by way of a complaint filed on March 14, 2017. The certified administrative record was served on plaintiff and lodged with the court on or about July 26, 2017, consisting of 679 pages. Thereafter, plaintiff filed a 21-page opening brief on the merits on November 7, 2016. In her brief, plaintiff raised one argument – that the ALJ failed to develop the record. The court agreed and remanded the matter for further proceedings.

## II. DISCUSSION

Because this court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the

Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. Finally, fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

In this case, defendant argues the Commissioner's position was substantially justified. Defendant also argues "special circumstances" make an award under the EAJA unjust. Defendant does not challenge the reasonableness of fees or costs requested.

**A.     Substantial Justification**

In remanding the matter for further development of the record, the court stated:

> In her motion for summary judgment, plaintiff argues the ALJ failed to develop the record. The ALJ has an independent duty to fully and fairly develop the record and assure the claimant's interests are considered. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). When the claimant is not represented by counsel, this duty requires the ALJ to be especially diligent in seeking all relevant facts. See id. This requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978). Ambiguous evidence or the ALJ's own finding that the record is inadequate triggers this duty. See Tonapetyan, 242 F.3d at 1150. The ALJ may discharge the duty to develop the record by

3

subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow for supplementation of the record. See id. (citing Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998)).

According to plaintiff:

> On May 27, 2015, JoAnne Blount completed an addendum to a psycho-educational evaluation. T 405-11. However, as the transcript reveals, there are missing pages from this evaluation. Looking at the numbers at the top of the page, all of the even numbered pages are missing. *Id.* The ALJ should have recontacted Ms. Blount in order to obtain the missing pages since it is highly likely Ms. Blount's opinion evidence continued onto page 14 of the report. *See* T 411 (Ms. Blount opined that Claimant meets one of the characteristics necessary to meet eligibility as an individual with exceptional needs, but it is unsure which characteristics since the remainder of the report is missing). This is especially important given Ms. Blount's opinion can support the finding that Claimant indeed has marked limitations in one or more categories as argued above. The ALJ should have recontacted Ms. Blount for the missing pages in order to ensure Claimant's interests are considered. *See Bishop v. Colvin*, 2015 WL 1874879 (D. Or. Apr. 13, 2015) (Remand was required where the ALJ failed to review all the pages of a mental evaluation since the report bore directly on the nature and extent of the claimant's limitations, thus making the report significant and probative).

Ms. Blount's report, belatedly submitted by claimant's representative on June 30, 2015, and included in the record as part of Exhibit 24E, is indeed incomplete. See CAR 405-11. Specifically, the even-numbered pages of Ms. Blount's report are not included in the record. See id.

The court finds the record is clearly incomplete. It is also clear the ALJ considered the incomplete report. A review of the hearing decision reflects the ALJ cited several portions of the incomplete report in support of significant findings. See CAR 30 (citing page 9 of Exhibit 24E, which is page 7 of the incomplete report), 32 (citing pages 9-11 of Exhibit 24E, which are pages 7, 9, and 11 of the incomplete report). This alone should have triggered the ALJ's duty to fully develop the record by obtaining Ms. Blount's complete report. See Tonapetyan, 242 F.3d at 1150.

Defendant argues remand is not warranted for four reasons. First, defendant contends the "record before the ALJ was neither insufficient nor ambiguous. . . ." Second, citing Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998), defendant asserts the ALJ discharged his duty by leaving the record open following the hearing. Third, defendant argues any claim of error has been waived because claimant's representative did not raise the issue of Ms. Blount's incomplete report to the ALJ or Appeals Council. Finally, noting claimant's representative submitted the incomplete report and citing the "invited error doctrine," defendant asserts

4

claimant may not now complain about errors for which claimant is responsible.

The court rejects defendant's first argument because Ms. Blount's report is clearly incomplete and, as such, this evidence is necessarily ambiguous. As to the remainder of defendant's arguments, which are more technical than substantive, the court finds prudence favors a remand to allow the ALJ to consider Ms. Blount's complete report. Given the ALJ found Ms. Blount's report significant enough to cite several times, the ALJ would certainly welcome the complete report. The matter will be remanded to allow the ALJ to obtain and consider Ms. Blount's complete report. See e.g. Bishop v. Colvin, 2015 WL 1874879 (D. Or. April 13, 2015) (remanding where the ALJ failed to review all the pages of a mental evaluation since the report bore directly on the nature and extent of the claimant's limitations, thus making the report significant and probative).

Defendant argues:

> Here, an award of fees is not appropriate. The Court concluded that the administrative law judge (ALJ) erred by not developing the record to obtain missing pages from a report that Plaintiff's attorney submitted to the ALJ following the hearing (CR 20 at 5). However, because Plaintiff invited this error by submitting the incomplete report, and because the ALJ satisfied his duty to develop the record by leaving the record open for Plaintiff to submit any further evidence after the hearing, the ALJ's development of the record had a reasonable basis in law and fact. The government's conduct, both in the underlying ALJ decision and in the government's litigating position, was justified to a degree that could satisfy a reasonable person. Thus, this Court should deny Plaintiff's motion for fees.
>
> First, although this Court concluded that "the record is clearly incomplete" and that the ALJ would benefit from the complete report without the missing pages, the ALJ's decision, even without the complete report, was reasonable. As discussed in the government's merits briefing, an ALJ has discretion to develop an incomplete record in various ways. He can order additional examinations, subpoena medical records, obtain a medical expert to testify at a supplemental hearing, or leave the record open after a hearing to allow the claimant to submit any evidence that the claimant wishes to offer. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998). Here, the ALJ ensured a complete record by obtaining the testimony of a Board-certified child psychiatrist, Miriam Sherman, M.D., at two hearings (AR 100-01, 58, 63-70; AR 199-205 (Dr. Sherman's resume)). The ALJ also held a supplemental hearing to give Dr. Sherman the opportunity to review more records (AR 104-05). Finally, after the May 11, 2015 hearing, the ALJ left the record open until June 5, 2015, so that Plaintiff's attorney could obtain further records (AR 72). Although Plaintiff's attorney eventually submitted an incomplete version of the report to the ALJ by faxing a copy that left out all the even-numbered pages (AR 400-14), the ALJ's conduct in ensuring a complete record here was reasonable under the substantial justification standard. Because of the various steps the ALJ took to develop the record, there was a "genuine dispute" here as to whether remand was appropriate, further supporting a substantial justification finding. *See Pierce*, 487 U.S. at 565; *Decker*, 856 F.3d at 665 (fees not appropriate where remand was not a foregone conclusion).

5

Second, the government's litigation position was reasonable. Although the Court declined to address several of the government's arguments (CR 20 at 5), those arguments reflected a good faith defense of the ALJ's decision. Specifically, the ALJ left the record open and otherwise took various steps to help Plaintiff in developing the record. Plaintiff and her administrative-level attorney bear the responsibility for submitting the incomplete report; and Plaintiff never challenged the incompleteness of that report before the ALJ or, for that matter, before the Appeals Council after the ALJ had made his decision (AR 416-21). These defenses were reasonable; this Court simply declined to affirm because it concluded that the ALJ would prefer to have the complete report (CR 20 at 5). Even though the Court ultimately remanded, then, the government's litigating position, just like the underlying ALJ decision, had a reasonable basis in law and fact, and was justified to a degree that could satisfy a reasonable person.

Given the ALJ's reliance on a patently incomplete report, the court does not find the Commissioner's position was substantially justified. Whether plaintiff invited the error or not by submitting an incomplete report, the ALJ nonetheless erred by relying on it.

**B.** **Special Circumstances**

Recasting a familiar argument, defendant asserts the "special circumstances" exception under the EAJA, 28 U.S.C. § 2412(d)(1)(A), precludes an award in this case because plaintiff invited error by submitting the incomplete report. According to defendant:

> Here, this case was unusual insofar as Plaintiff, who had the burden of proving her daughter's disability, submitted the incomplete report to the ALJ, and thus had the opportunity to fix the problem that led to the remand during administrative proceedings. As argued before, Plaintiff's conduct amounted to invited error. *See Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002) (under invited error, "one may not complain on review of errors below for which he is responsible"); *Gies v. Colvin*, No. 1:15-cv-0922-JLT, 2016 U.S. Dist. LEXIS 126635 at *23-24 (E.D. Cal. Sep. 16, 2016) ("[t]he doctrine of invited error has been applied in social security cases and the Court finds no reason that it should not apply here") ; *Williams v. Astrue*, No. CV 09-1278-MO, 2011 U.S. Dist. LEXIS 28903, at 8-9 (D. Ore. Mar. 21, 2011), aff'd sub nom. *Williams v. Comm'r of Soc. Sec. Admin.*, 494 F. App'x 766 (9th Cir. 2012) (invited error for failure to develop the record (the claimant's attorney said he would provide certain records, but did not do so, and then the claimant argued on appeal that the ALJ erred by not developing the record). Her failure to fix the problem that her own attorney caused represents a circumstance militating against payment of EAJA fees. *See Webb v. Astrue*, 525 F. Supp.2d 1329, 1333-34 (N.D. Ga. 2007) (declining to award fees where the claimant's attorney failed to raise the issue resulting in remand during administrative proceedings); *compare Rhynes v. Astrue*, Civil Action No. 1:08-cv-968-TFM, 2010 U.S. Dist. LEXIS 133418 at *7-8 (M.D. Ala. Dec. 16, 2010) (declining to find the government substantially justified because even though the ALJ's error relied on a misrepresentation by the claimant's representative, the representative

> "corrected [the error] before the conclusion of administrative proceedings"). Because Plaintiff bore the responsibility to present evidence supporting her daughter's disability, and because Plaintiff was responsible for submitting the incomplete report, equitable considerations preclude an award of fees in this case. *See Webb*, 525 F. Supp.2d at 1333-34; *see also Press v. Comm'r of Soc. Sec.*, Civ. No. 08-1089-AC, 2011 U.S. Dist. LEXIS 74077 (D. Ore. July 8, 2011) (even though the court declined to affirm based on the claimant's invited error, the court denied EAJA fees because the government was substantially justified).
> 
> Therefore, although this Court concluded that the record was incomplete, requiring remand, an award of fees is not appropriate. The ALJ took numerous steps to develop the record, including giving Plaintiff the opportunity to submit additional records. Plaintiff, through her administrative-level attorney, caused the incompleteness that resulted in this remand. Even if this Court concluded that the ALJ shared some of the fault by not developing the record further before issuing a decision, the Court should not reward Plaintiff where her own attorney's mistake provoked this remand. This Court should deny Plaintiff's motion in its entirety.

Once again, the court rejects defendant's argument of invited error because, invited or not, the ALJ relied on an incomplete report.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an award of fees under the EAJA (Doc. 22) is granted; and

2. Plaintiff is awarded $5,830.92 in fees plus $19.86 in costs, payable to plaintiff within 65 days of the date of this order.

Dated: March 6, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE